UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. BROWN, | ) | No. ED CV 11-02046-DMG (VBK) |
| | ) | |
| Plaintiff, | ) | ORDER RE DISMISSAL OF COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| NATHAN WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Pro se Plaintiff Eric L. Brown (hereinafter referred to as "Plaintiff") filed a Civil Rights Complaint Pursuant to 42 U.S.C. §1983 on January 27, 2012, pursuant to the Court's Order re Leave to File Action without Prepayment of Full Filing Fee.

**BACKGROUND**

Plaintiff alleges that his Eighth Amendment rights have been violated by Defendants depriving him of proper medical attention/ treatment. (Complaint at 5.) It appears that Plaintiff had surgery for hemorrhoids and three months later still experienced pain. (See, CDCR appeal attached to Complaint dated April 9, 2009.) Plaintiff alleges had Defendants been more aware of his medical needs he would

not have needed another repair surgery. (Complaint at 5.)  Plaintiff alleges the "standard of care and practice was below and needs to be evaluated." (Id.)

Plaintiff has named the following Defendants: Morgan Sally (nurse practitioner - expert witness for Plaintiff); Richard Butcher (medical doctor - expert witness for Plaintiff); V. Chakmakian (medical doctor - failure to diagnose); Leah Farinas (doctor - did not review Plaintiff after surgery for three months); Nathan Williams (medical doctor - failure to diagnose); J. Chudy (Chief Medical Officer - failure to oversee). (Complaint at 3-4.)

Plaintiff seeks compensatory damages in the amount of $1.5 million dollars. (Complaint at 6.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to F.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must

construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950

1   [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).  "[A] well-

2   pled complaint may proceed even if it appears that a recovery is very

3   remote and unlikely."  <u>Twombly</u>, 550 U.S. at 556 (quoting <u>Scheuer v.</u>

4   <u>Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

5        In civil rights cases in which the Plaintiff appears <u>pro se</u>, the

6   pleadings must be construed liberally, so as to afford the plaintiff

7   the benefit of any doubt as to the potential validity of the claims

8   asserted.  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623

9   (9th Cir. 1988).   If, despite such liberal construction, the Court

10  finds that the complaint should be dismissed for failure to state a

11  claim, the Court has the discretion to dismiss the complaint with or

12  without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th

13  Cir. 2000).   A <u>pro se</u> litigant should be given leave to amend, unless

14  it is clear that the deficiencies of the complaint cannot be cured by

15  amendment.  <u>Lopez</u>, 203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d

16  1103, 1106 (9th Cir. 1995); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th

17  Cir. 1987).

18

19                          **<u>DISCUSSION</u>**

20      For all of the following reasons, the Complaint should be

21  dismissed.

22

23  **A.   <u>Plaintiff Has Failed to State an Eighth Amendment Claim</u>.**

24      Plaintiff alleges that his Eighth Amendment rights have been

25  violated by Defendants depriving him of proper medical attention.

26  (Complaint at 5.)

27      "Denial of medical attention to prisoners constitutes an Eighth

28  Amendment violation if the denial amounts to deliberate indifference

                                   4

to serious medical needs of the prisoner." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1069 (1987); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 1970 (1976).  Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care.  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1062 (9th Cir. 1992), <u>overruled on other grounds</u> by <u>WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006); <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198 (9th Cir. 1989).  Deliberate indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs.  <u>Helling v. McKinney</u>, 509 U.S. 25, 32-33 (1993); <u>Estelle</u>, 429 U.S. at 104-05.

To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." <u>Johnson</u>, 134 F.3d at 1398 (<u>citing</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).  Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  In either case, however, the indifference to the inmate's medical needs must be purposeful and

substantial; negligence, inadvertence, or difference in medical judgment or opinion do not rise to the level of a constitutional violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330, 331 (9th Cir.), <u>cert. denied</u>, 519 U.S. 1029 (1996).

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. <u>Broughton v. Cutter Lab</u>, 622 F.2d 458, 460 (9th Cir. 1980). A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983. <u>See</u> <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Shields v. Kunkel</u>, 442 F.2d 409, 410 (9th Cir. 1971); <u>Mayfield v. Craven</u>, 433 F.2d 873 (9th Cir. 1970).

Mere negligence in diagnosing or treating a medical condition is not violative of constitutional standards. The inmate must demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the offender had a "sufficiently culpable state of mind" in denying the proper medical care. <u>Clement v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002), citing <u>Wallace v. Baldwin</u>, 70 F.3d 1074, 1076 (9th Cir. 1995).

Here, Plaintiff has failed to set forth any allegations against Defendants nurse practitioner Morgan Sally and Dr. Richard Butcher other than naming them as "expert witnesses." Accordingly, Plaintiff has failed to state a claim against them and they must be dismissed.

Further, the Complaint is devoid of any factual allegations regarding any affirmative acts or omissions by Defendants Dr. Chakmakian, Dr. Farinas, Dr. Williams, and Dr. Chudy regarding the intentional denial, delay or interference with Plaintiff's serious medical needs, or regarding the manner in which Plaintiff's medical care was provided. The Complaint is likewise devoid of any factual

allegations from which a reasonable inference could be drawn that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety.  Plaintiff therefore has failed to allege sufficient facts to state a federal civil rights claim against Defendants.

Plaintiff must set forth with particularity specific facts demonstrating each individual Defendant's "deliberate indifference" to Plaintiff's medical condition.  Plaintiff should state what acts that Defendants did or failed to do to respect to Plaintiff's medical care. Plaintiff may not simply claim that he has been denied adequate medical care and then list individual Defendants.

**B.**     **Plaintiff's "Supervisory Liability" Claim Against Defendant Chief Medical Officer J. Chudy Fails**.

To the extent that Plaintiff is claiming that Defendant Chief Medical Officer J. Chudy should be held liable on a supervisory liability theory by virtue of his position as the Chief Medical Officer in charge of medical staff at CTF, such claim is foreclosed by the Supreme Court holding in Iqbal that the doctrine of respondeat superior is inapplicable to federal civil rights actions.  See, Iqbal, 129 S.Ct. at 1948.

Liability may be imposed on an individual defendant under §1983 only if the plaintiff can show that the defendant proximately caused the deprivations of his federally protected rights of which he complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  Respondeat superior is not a sufficient basis for imposing liability under §1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663-64 n. 7, 98 S.Ct. 2018 (1978).  State officials are not subject to suit

under §1983 unless they play an affirmative part in the alleged deprivation. <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

Supervisory personnel generally are not liable under 42 U.S.C. §1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. <u>See</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1074 (1992). A supervisory official may be liable under §1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>See</u> <u>Id.</u> at 1446-1447. To premise a supervisor's alleged liability on a policy promulgated by the supervisor, the plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. <u>See</u>, <u>e.g.</u>, <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989); <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir. 1992). A "failure to train" theory can be the basis for a supervisor's liability under §1983 in only limited circumstances. <u>See</u> <u>City of Canton</u>, 489 U.S. at 387-90 (liability only where failure to train amounts to deliberate indifference). Accordingly, Plaintiff has failed to state a claim against Defendant Dr. J.Chudy.

**C.   <u>Defendants Are Immune From Liability In Their Official Capacities</u>.**

Plaintiff has named Defendants Dr. V. Chakmakian, Dr. Williams and Dr. Chudy in their official capacities. In <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304 (1989), the Supreme

1   Court held that states, state agencies, and state officials sued in

2   their official capacities are not persons subject to civil rights

3   suits under 42 U.S.C. §1983. <u>See</u>, 491 U.S. at 664-66. Further, the

4   Eleventh Amendment bars Plaintiff's claims for damages from the named

5   defendants in their official capacities. <u>See</u> <u>Doe v. Lawrence</u>

6   <u>Livermore Natl. Lab.</u>, 131 F.3d 836, 839 (9th Cir. 1997); <u>Eaglesmith v.</u>

7   <u>Ward</u>, 73 F.3d 857, 859 (9th Cir. 1996); <u>Pena v. Gardner</u>, 976 F.2d 469,

8   472 (1992).

9       The Eleventh Amendment prohibits federal jurisdiction over suits

10  against the state or a state agency unless the state or agency

11  consents to the suit. <u>See</u> <u>Seminole Tribe of Florida v. Florida</u>, 517

12  U.S. 44, 53, 116 S. Ct. 1114 (1996); <u>Pennhurst State School and</u>

13  <u>Hospital v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900 (1984); <u>Quern</u>

14  <u>v. Jordan</u>, 440 U.S. 332, 342, 99 S. Ct. 1139 (1979). State officers

15  acting in their official capacities receive the same immunity as the

16  government agency that employs them. <u>Hafer v. Melo</u>, 502 U.S. 21, 112

17  S. Ct. 358 (1991). Thus, a state prison official sued for damages in

18  his or her official capacity is entitled to Eleventh Amendment

19  immunity.

20       Accordingly, Defendants are immune from official capacity damages

21  claims against them.

22

23                      <u>**CONCLUSION AND ORDER**</u>

24       In an abundance of caution, Plaintiff will be afforded an

25  opportunity to amend his Complaint to attempt to overcome the defects

26  discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's

27  Complaint is dismissed with leave to amend; (2) the Court Clerk is

28  directed to send Plaintiff a civil rights form utilized by the Central

District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any new portion of the original Complaint.  Plaintiff may not add new parties without leave of the Court.  Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: February 8, 2012           /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE